UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

YEHUDA HERSKOVIC, :

        *Plaintiff*, :

        v. :

TAP AIR PORTUGAL, :

        *Defendant*. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.: 1:20-cv-00177

**NOTICE OF REMOVAL**

    Defendant TRANSPORTES AEREOS PORTUGUESES, S.A. (incorrectly sued herein as TAP AIR PORTUGAL and hereinafter "TAP"), by and through its attorneys, Condon & Forsyth LLP, hereby removes this action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331 and 1441, due to the existence of a federal question. In support of the removal, TAP states as follows:

    1.    This action was commenced against TAP in the Supreme Court of the State of New York, County of Queens, by the filing of a Summons and Verified Complaint on November 19, 2019. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit A.

    2.    Service of the Summons and Verified Complaint was effected on TAP at its offices located at 1037 Raymond Boulevard Suite 1510, Newark, NJ 07102 on December 10, 2019.

    3.    The Verified Complaint seeks damages in the amount of $50,000 allegedly arising from transportation on TAP Flights from Newark, New Jersey to Lisbon, Portugal and from Lisbon, Portugal to Brussels, Belgium and return in May 2019. Specifically, Plaintiff alleges that TAP demanded excess charges during the check in process for his flight from Newark, New Jersey to Brussels, Belgium and during the check in process for his flight from Brussels, Belgium to Newark, New Jersey; and alleges that he sustained damages and personal injuries as a result of a

delay in Plaintiff's transportation by air from Lisbon, Portugal to Brussels, Belgium.

4. Plaintiff alleges that the delay between his flights from Lisbon, Portugal to Brussels, Belgium resulted in Plaintiff experiencing "headache[s]" and "high blood presser [sic]." *See* Ex. A ¶ 8. Plaintiff further alleges that during the delay, he "was in pain in a wheelchair" and "had to sit in that wheelchair for over 4 hours waiting for next flight to Brussels." *Id.* Additionally, Plaintiff alleges that TAP's conduct during the check-in process for his flights and during the delay relating to his connecting flight "caused [him] a lot of pain, headache, health problems, money, and precious time." *Id.* ¶ 16.

5. Based upon the allegations in the Verified Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S.C. § 1331 and, therefore, the action is one that may be removed pursuant to 28 U.S.C. § 1441.

6. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada on May 18, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep ¶ 27,400-59, 1999 WL 33292734 (1999) ("Montreal Convention"), and the rights of the parties to this action are governed exclusively by the provisions of said Montreal Convention. *See* Verified Complaint ¶¶ 5-9, Ex. A.

7. Accordingly, the underlying action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1331 as the action arises under the Montreal Convention, a treaty of the United States. *See Fields v. BWIA Int'l Airways Ltd.*, No. 99-CV-2493(JG), 2000 WL 1091129, at *6 (E.D.N.Y. July 7, 2000).

8. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States

District Court for the Eastern District of New York, which is the district in which the civil court action is pending.

9. This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b).

10. Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d).

11. Defendant will promptly give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant TRANSPORTES AEREOS PORTUGUESES, S.A., prays that the above-entitled action now pending in the Supreme Court of the State of New York, County of Queens, be removed therefrom to this Court.

Dated: New York, New York
       January 9, 2020

Respectfully submitted,

CONDON & FORSYTH LLP

By: /s/Jonathan E. DeMay
    Jonathan E. DeMay (JD 3604)
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100
jdemay@condonlaw.com

*Attorneys for Defendant*
*TRANSPORTES AEREOS PORTUGUESES, S.A.*

To: Mr. Yehuda Herskovic
    303 Marcy Avenue, Apt. 2A
    Brooklyn, New York 11211
    (347) 731-8818
    yhm1234@yahoo.com

    *Plaintiff Pro Se*

3

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

Heather L. Jackson, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides in Lynbrook, New York. That on the 9th day of January, 2020, deponent served the within **Notice of Removal; Exhibit A to the Notice of Removal; Civil Cover Sheet; Rule 7.1 Disclosure Statement; and a printed version of an unreported decision cited therein pursuant to Local Rule 7.2** upon:

Mr. Yehuda Herskovic
303 Marcy Avenue, Apt. 2A
Brooklyn, NY 11211

by depositing same enclosed in a postpaid properly addressed envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Heather L. Jackson

Sworn to before me this
9th day of January, 2020

Notary Public

MATTHEW D. EMERY
Notary Public, State of New York
No. 02EM6355244
Qualified in Queens County
My Commission Expires February 27, 2021