

Direct Dial: (212) 894-6816
Direct Fax:  (212) 370-4453
jdemay@condonlaw.com

January 16, 2020


**VIA ECF**


Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


Re:  *Herskovic v. Transportes Aereos Portugueses, S.A.*
     Civil Action No.: 20-CV-00177 (LDH) (PK)
     C&F Ref: JED/10080
     _____

Dear Judge DeArcy Hall:

We represent Defendant Transportes Aereos Portugueses, S.A. ("TAP").  Pursuant to Your Honor's Individual Motion Practices, TAP respectfully requests a pre-motion conference to file a Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the principle of accord and satisfaction.

## I.      Nature of This Action

Plaintiff filed this action against TAP seeking $50,000 in damages for alleged overcharges by TAP during international air transportation between the U.S. and Belgium, as well as alleged personal injuries resulting from a delay of his connecting flight between Portugal and Belgium. This action arises out of the same operative facts as Plaintiff's prior Small Claims action against TAP and his subsequent expanded claims, which were resolved by payment in full subject to the release of further claims.

## II.      Relevant Procedural History

On August 13, 2019, Plaintiff filed an action against TAP in New York County Small Claims Court seeking $990 for alleged damages arising from overcharges by TAP and allegations that TAP did not provide him with proper service.  *See* Pl.'s Small Claims Statement of Claim, Ex. A. Plaintiff served the Portugal-US Chamber of Commerce.  *See id.*  As a result, TAP did not receive notice of the action, and the Court entered a default judgment against TAP on September 17, 2019 for $653.02.  *See* Small Claims Judgment, Ex. B.

CONDON // FORSYTH

Honorable LaShann DeArcy Hall
January 16, 2020
Page 2

On or about September 24, 2019, Plaintiff called TAP and demanded payment of the Small Claims judgment and, in the absence of payment of the judgment by a date certain, threatened that he would file claims against TAP for "the whole situation" including an additional claim for pain and suffering due to sitting in his wheelchair during a four (4) hour delay in travel. Pl.'s Letter to TAP dated October 23, 2019 at 3, Ex. C.[1]  On October 9, 2019 (after the deadline imposed by Plaintiff in his demand for payment), TAP issued a check to Plaintiff in payment of the judgment with the following release language stamped on the back:

> IT IS AGREED BY THE PARTY WHOSE NAME APPEARS ON THE FACE OF THIS CHECK THAT HIS/HER ENDORSEMENT BELOW IS PAYMENT IN FULL BY TAP AND THAT TAP IS RELEASED IN FULL FOR ANY FURTHER CLAIMS, DAMAGES, LIABILITES BY SAID PARTY.

Check Issued by TAP to Plaintiff, Ex. D.  Notwithstanding Plaintiff's prior expressed intention to pursue an action for additional claims and damages, Plaintiff endorsed and deposited the check on October 16, 2019.  *See id.*  Thereafter, Plaintiff filed this action in the Supreme Court of the State of New York, Queens County, which TAP removed to this Court on January 9, 2020.

## III.    Plaintiff's Claims Should be Barred by the Principle of Accord and Satisfaction

Courts in the Eastern District have explained that "an accord is an agreement whereby one party undertakes to give, and the other party to accept in settlement of an existing claim, something other than what he believes himself to be entitled." *First Sec. Mortg. Co. v. Goldmark Plastics Compounds, Inc.*, 862 F. Supp. 918, 935 (E.D.N.Y. 1994); *see also Carrion v. United Airlines, Inc.*, No. 13-CV-4875 NGG RER, 2014 WL 3756385, at *3 (E.D.N.Y. July 30, 2014) (The doctrine of accord and satisfaction applies where there is "dispute as to the amount of a liability, and one party . . . knowingly accept[s] from the other party a lesser sum than what he claims he is owed."); *Merrill Lynch Realty/Carll Burr, Inc. v. Skinner*, 63 N.Y.2d 590, 596 (1984) (finding accord and satisfaction is enforceable "when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge a legitimately disputed unliquidated claim").  Accordingly, Plaintiff's action should be barred based on the principle of accord and satisfaction.

---

[1] Documents extrinsic to a complaint are reviewable by the Court on a Rule 12(b)(6) motion where they are "(1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *Torres v. LaLota*, No. CV157097JMAAYS, 2017 WL 4457514, at *1 (E.D.N.Y. Aug. 14, 2017), *report and recommendation adopted*, No. 15CV7097JMAAYS, 2017 WL 4443578 (E.D.N.Y. Sept. 30, 2017).  Here, Plaintiff sent the letter to TAP and threatened to sue for additional claims if he did not receive the judgment funds by the self-imposed September 27, 2019 deadline.  Plaintiff then sued TAP for the claims threatened in his letter.  Thus, Plaintiff's letter to TAP is integral to the Complaint as Plaintiff had notice and possession of the letter and relied on its terms when drafting the Complaint.  *See U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-CV-02770 DLI RLM, 2007 WL 2028108, at *3 (E.D.N.Y. July 11, 2007) (considering the parties' pre-filing correspondence in context of motion to dismiss where plaintiff relied on correspondence in drafting the complaint.).

**CONDON // FORSYTH**

Honorable LaShann DeArcy Hall
January 16, 2020
Page 3

Based on the foregoing, Defendant Transportes Aereos Portugueses, S.A. respectfully requests a pre-motion conference with the Court to file its Motion to Dismiss.

Respectfully submitted,

Jonathan E. DeMay

JED:cjp
Enclosures

cc:   Mr. Yehuda Herskovic (Via U.S. Mail and E-mail)
      303 Marcy Ave., Apt. 2A
      Brooklyn , NY  11211
      yhm1234@yahoo.com

      *Pro Se Plaintiff*