UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Yehuda Herskovic, plaintiff,          Case 1:20-cv-00177-LDH-PK

v.                                    Complaint

Transportes Aereos Portugueses,
S.A., Defendant.

*FILED*
2020 JUN 16 PM 4:11
U.S. DISTRICT COURT

Plaintiff sues defendant for money damages and state:

## Jurisdiction

1. Defendant is domiciled in Queens County.

## Nature of the Case

2. Defendant runs an airline service in Queens County.

3. The nature of Defendant's business requires the consumer to purchase a ticket in advance with full payment.

4. The least sophisticated consumer understands that when purchasing an airline ticket, the consumer will not receive a ticket until all fees are paid.

5. An airline ticket is a reservation that secures a consumer the right to a reserved seat.

6. An airline may not force consumers to involuntarily give up a seat, knowing as Bumping, except when exigent circumstances exist.

7. On or about May 6, 2019 thru May 9, 2019, Plaintiff was en route to Belgium utilizing Defendant's services.

8. All of Plaintiff's reservations were fully paid about three months in advance.

9. As part of the ticket, Plaintiff reserved disability accommodations of wheelchair services, for transportation between airlines and gates.

10.     On May 7, 2019, Plaintiff was at Lisbon Airport connecting to an airplane boarding to Belgium.

11. At all relevant times, Plaintiff was already situated in a wheelchair and escorted to the connecting flight heading to Belgium.

12. At all relevant times, the connecting flight to Belgium was set to depart on its prior planned schedule, as Plaintiff had negotiated when reserving the ticket.

13. At all relevant times Plaintiff was already in possession of a boarding pass to the connecting flight.

14. Without prior notice to Plaintiff, Defendant's personnel deliberately diverted Plaintiff to a cashier and refused to honor Plaintiff's reservation by bumping Plaintiff and forcing him to give up his seat.

15. Defendant's personnel made derogatory remarks giving Plaintiff the impression that the bumping is the result of discrimination against disabilities.

16. Defendant's personnel forced Plaintiff to pay an additional $2,300 to be boarded for a next flight to Belgium.

17. During that entire time, Defendant's personnel refused to accommodate Plaintiff with a wheelchair suitable for extended periods of seating. Plaintiff was forced to stay in a wheelchair that is not suitable for extended seating.

18. Defendant's personnel outright refused to accommodate Plaintiff with wheelchair, or other seating arrangements, suitable for extended periods of seating.

19. As a direct or proximate result, because of Defendant's refusal to accommodate Plaintiff's disability, Plaintiff's health was ruined during the entire visit overseas.

20. Defendant caused Plaintiff high blood pressure, back pain, leg pain, and extreme headaches.

21. Because Defendant improperly bumped Plaintiff and extorted $2,300, as a direct or proximate result, Plaintiff was without the ability to enjoy that little money reserved for the trip. Defendant's improper taking of Plaintiff's money caused that Plaintiff was unable to seek medical attention and Plaintiff could not enjoy the trip while in Belgium.

22. Defendant has a habit of extorting consumers through bumping, knowing that the unsophisticated consumer would forfeit

the bumping charges.

23. The damages Defendant caused Plaintiff was in violation of federal rules prohibiting bumping.

24. The damages Defendant caused Plaintiff was in violation of international conventions such as Montreal Convention and Warsaw Convention.

25. Wherefore plaintiff demands judgment in compensatory damages, damages afforded by law, punitive damages, and costs with legal fees.

Respectfully yours


plaintiff Yehuda Herskovic,

Telephone number 347-731-8818

Yhm1234@yahoo.com


Cc: Jonathan E .DeMay
7 Times Square, 18 FL
New York, New York 10036 (212)490-9100
jdemay@condonlaw.com