Case 1:20-cv-00177-EK-PK



September 2, 2020,

Honorable Judge Eric R. Komitee,

United States District Judge

Eastern District of New York

225 Cadman Plaza East

Brooklyn, NY 11201

Re: Herskovic v. Transportes Aereos Portugueses, S.A. Civil Action No.:20-cv-00177 (LDH) (PK)

Dear Judge Komitee,

I am the plaintiff in this case and respectfully submit this letter in opposition to Defendant's pre-answer motion to dismiss the amended complaint.

## Background from Newark to Lisbon Airport

The amended complaint only involves the claims arising from the transaction and incident in which Plaintiff was en route from Newark Airport to Brussels via Lisbon Airport.

Defendant runs an airline service in Queens County. The nature of Defendant's business requires the consumer to purchase a ticket in advance with full payment.

The amended complaint alleges that the least sophisticated consumer understands that when purchasing an airline ticket, the consumer will not receive a ticket until all fees are paid in advance. An airline ticket is a reservation that secures a consumer the right to a reserved seat.

Amongst the questions that Defendant asked Plaintiff when purchasing the ticket was whether Plaintiff would need any disability accommodations.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 15 2020 ★

BROOKLYN OFFICE

At all relevant times, the ticket from Newark to Brussels via Lisbon was a one-way ticket.

On or about May 6, 2019 thru May 9, 2019, Plaintiff was en route to Belgium utilizing Defendant's services. At Newark Airport, Defendant's personnel forced Plaintiff to pay an additional $2,360 to be boarded for a next flight to Belgium.

The departure from Newark Airport to Brussels had a stop in Lisbon Airport. At all relevant times, all of Plaintiff's reservations were fully paid about three months in advance. As part of the ticket, Plaintiff reserved disability accommodations of wheelchair services, for transportation between airlines and gates.

On May 7, 2019, Plaintiff was at Lisbon Airport connecting to an airplane boarding to Belgium. At all relevant times, Plaintiff was already situated in a wheelchair and escorted to the connecting flight heading to Belgium.

At all relevant times, the connecting flight to Belgium was set to depart on its prior planned schedule, as Plaintiff had negotiated when reserving the ticket. At all relevant times Plaintiff was already in possession of a boarding pass to the connecting flight.

Without prior notice to Plaintiff, Defendant's personnel deliberately diverted Plaintiff to a cashier and refused to honor Plaintiff's reservation by bumping Plaintiff and forcing him to give up his seat.

The amended complaint alleges that an airline may not force consumers to involuntarily give up a seat, knowing as Bumping, except when exigent circumstances exist.

Defendant's personnel made derogatory remarks giving Plaintiff the impression that the bumping is the result of discrimination against disabilities.

The amended complaint alleges that during that entire time, Defendant's personnel refused to accommodate Plaintiff with a wheelchair suitable for extended periods of seating. Plaintiff was forced to stay in a wheelchair that is not suitable for extended seating. Defendant's personnel outright refused to accommodate Plaintiff with wheelchair, or other seating arrangements, suitable for extended periods of seating.

As a direct or proximate result, because of Defendant's refusal to accommodate Plaintiff's disability, Plaintiff's health was ruined during the entire visit overseas. Defendant caused Plaintiff high blood pressure, back pain, leg pain, and extreme headaches.

Because Defendant extorted $2,360 and improperly bumped Plaintiff, as a direct or proximate result, Plaintiff was without the ability to enjoy that little money reserved for the trip. Defendant's improper taking of Plaintiff's money caused that Plaintiff was unable to seek medical attention and Plaintiff could not enjoy the trip while in Belgium.

The amended complaint alleges that Defendant has a habit of extorting consumers through bumping, knowing that the unsophisticated consumer would forfeit the bumping charges. The damages Defendant caused Plaintiff was in violation of federal rules prohibiting bumping. The damages Defendant caused Plaintiff was in violation of international conventions such as Montreal Convention and Warsaw Convention.

## Background At Brussels Airport

The amended complaint does not involve the extortion that occurred when Plaintiff was boarding from Brussels to JFK Airport. This background is provided is for the limited purpose to respond to the pre-answer motion to dismiss, not entangle that resolved controversy in this Court.

Separately and unrelated to charges en route from Newark to Lisbon airport, Defendant extorted $618.02 from Plaintiff while returning from Brussels to JFK Airport. The extortion of $618.02 was a separate transaction than the extortion of $2,360.

At all relevant times, the ticket from Brussels to JFK Airport was a one-way ticket. (At the time when purchasing these aforementioned tickets, Plaintiff paid for each of them separately.)

On August 12, 2019, Plaintiff sued Defendant in NYC Small Claims Court and on September 17, 2019 obtained a judgment of $653 reflecting the claim for $618.02, which has been satisfied.

## Plaintiffs Efforts to Reconcile

On October 23, 2019, Plaintiff wrote to Defendant offering to accept a settlement of $1,000 for the claims of bumping at Lisbon Airport. ECF 12-5 page 4, states:

BEFORE I FILE A CLAIM IN COURT I WOULD LIKE TO GIVE YOU A SECOND CHANCE TO SATELE (SIC) [SETTLE] THE BUMPING AND HEADACHE FOR ADISENAL (SIC) [ADDITIONAL] 1000.00$

I DID RECEIVE THE 653.00$ CHECK BUT YOU DID NOT RESPOND BY THE 27 AS I TOLD YOU THE CHECK I RECEIVED THE 16 OR 17 OF OCT ALMOST THREE WEEK LATER

I WANT TO SETEL (SIC) [SETTLE] ALL OF IT THE BUMPING AND HARASMENT (SIC) [HARASSMENT] FOR 1000$ AND THAT ENDS THE WHOLE JOURNEY...

Defendant refused Plaintiff's efforts to settle the claims for bumping at Lisbon Airport and this lawsuit was filed.

## Arguments

Plaintiff denies all the allegations made by Defendant in its pre-answer motion papers. The amended complaint is the controlling pleading.

The Court is required to view all the factual allegations in the amended complaint as alleged by the Plaintiff. Not as enlarged or exaggerated by the Defendant in its pre-answer motion papers.

The Court is required to disregard the all the allegations that Defendant makes outside the four corners of the amended complaint. The Federal Court is not the place to complain about the default judgment duly obtained in the NYC Small Claims Court.

Defendant's Exhibit E must be disregarded and excluded, if not stricken from the record, as it is purely a settlement offer and does not represent any admissions or concessions. Defendant did not honor Plaintiff's settlement offer. Thus, whatever value Exhibit E might have, it has no probative value to defeat a valid amended complaint.

Nonetheless, Defendant's Exhibit E defeats their defense for accord and satisfaction. Plaintiff clearly communicated in that letter that he did receive the $653 and it does not settle the claims for bumping at Lisbon Airport.

In discovery, further communication and letters that Plaintiff and Defendant exchanged will substantiate that Plaintiff only accepted the $653 to satisfy the judgement in Small Claims Court, and the same letters will reveal that Plaintiff did not accept the $653 as satisfaction for the claims related to bumping at Lisbon Airport.

Furthermore, Defendant's pretense of accord and satisfaction must be rejected. The NYC Small Claims action involved exclusively the charges of $618.02 made while Plaintiff was en route from Brussels to JFK Airport. As noted earlier, this transaction was distinct and happened separately from the transaction where Plaintiff was en route from Newark to Brussels via Lisbon Airport.

Indeed, Plaintiff could not be in two places at the same time. Defendant charged Plaintiff $2360 in Newark Airport and bumped Plaintiff upon landing in Lisbon Airport while attempting to catch a connecting flight to Brussels. The $618.02 Defendant charged Plaintiff in Brussels while trying to board back to JFK Airport. These distinctions dispel Defendant's theory of the whole situation. While Defendant's gimmick of extortion is consistent pattern of bad behavior against the consumer, the required analysis must focus on each transaction and each incident separately.

For instance, the fact that a person has paid a restaurant for stake on Day 1, the consumer is not automatically absolved from paying for the dessert on Day 2, unless explicitly waived by the merchant; even if the consumer writes on the check issued for Day 1 that this payment absolves any and all further claims. Any other conclusion would promote dishonest dealings and slime gimmicks to defeat duly incurred transactions.

Moreover, "A landlord's acceptance of rent which is admittedly due does not bar an action by the landlord for an additional sum which is in dispute, even if payment is made by a check endorsed 'in full payment'." In re Cohoes Indus. Terminal, Inc., 78 B.R. 681, 703 (Bankr. S.D.N.Y. 1987). Even though the whole situation was that tenant repeatedly failed to pay rent.

"The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability." 20th Century Foods Pte., Ltd. v. Home Ins. Co., No. 85 CIV. 9626 (BN), 1989 WL 99773, at *28 (S.D.N.Y. Aug. 22, 1989) quoting Manely v. Pandick Press, Inc., 72 A.D.2d 452, 424 N.Y.S.2d 902 (1st Dept. 1980).

The same applies here. The fact that the whole situation involved two separate liabilities, the Defendant cannot use accord and satisfaction to claim that satisfaction of the first liability automatically satisfied the second liability as a "further claim." We are dealing here with a separate claim, not a further claim.

Finally, the NYC Small Claims Court, only has jurisdiction of claims for money only. They do not have jurisdiction for equitable claims, such as bumping, which is what the amended complaint alleges. The full satisfaction of the claims adjudged in the Small Claims Court could not also absolve the equitable claims for bumping.

Wherefore Plaintiff requests that the Court deny the Defendant's pre-answer motion to dismiss.


Respectfully,


plaintiff Yehuda Herskovic,

Telephone number 347-731-8818



MOTOR VEHICLE SERVICES · ALL FORMS OF INSURANCE

Plaza

A & Z Insurance Brokerage Inc.
910 Rothins Street
Brooklyn, NY 11211

YEHUDA HERSKOVIC
225 ROSS STR 1FL
Brooklyn NY 11211

ALL FORMS
OF INSURANCE

PLATES
REGISTRATION

U.S.A
USMS

NEW YORK NY 100

9 SEP 2020   PM 1

US DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA E
BROKLYN NY 11201

Mailed From 11211
09/09/2020
0300067805385
US POSTAGE
$ 00.65
First-Class

11.20181092  0080