UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:20-cv-00177 (EK) (PK) |
| TRANSPORTES AEREOS PORTUGUESES, S.A., | : |
| Defendant. | : |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**Served on Plaintiff on September 17, 2020**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 1

   I.  Notwithstanding Plaintiff's Latest Attempts to Transform the Nature of His Allegations, Plaintiff Entered Into an Enforceable Accord and Satisfaction with TAP ........................... 1

   II.  The Exhibits Submitted by TAP are Reviewable by this Court ........................................... 2

CONCLUSION .................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Simmons v. Trans Express Inc.*,
    355 F. Supp. 3d 165 (E.D.N.Y. 2019) ...................................................................................2

*Torres v. LaLota*,
    No. CV157097JMAAYS, 2017 WL 4457514 (E.D.N.Y. Aug. 14, 2017) ...............................2

*U2 Home Entm't, Inc. v. Kylin TV, Inc.*,
    No. 06-CV-02770 DLI RLM, 2007 WL 2028108 (E.D.N.Y. July 11, 2007) ..........................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................1, 2, 3

**PRELIMINARY STATEMENT**

Pursuant to this Court's August 20, 2020 Order, Plaintiff's Opposition to Defendant Transportes Aéreos Portugueses, S.A.'s ("TAP") Motion to Dismiss was due by September 2, 2020. Plaintiff filed his Opposition on September 15, 2020 (ECF No. 16) following TAP's timely filing of a Reply Memorandum of Law on September 14, 2020 (ECF No. 15). If the Court grants Plaintiff's application to accept his untimely filing, TAP, by and through its attorneys, Condon & Forsyth LLP, respectfully submits this Supplemental Reply Memorandum of Law in further support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to address the arguments raised in Plaintiff's Opposition. TAP incorporates by reference the arguments and exhibits filed in support of its Motion to Dismiss.

**ARGUMENT**

**I.   Notwithstanding Plaintiff's Latest Attempts to Transform the Nature of His Allegations, Plaintiff Entered Into an Enforceable Accord and Satisfaction with TAP**

Plaintiff attempts to artificially separate the underlying incident into three discrete incidents of alleged wrongdoing by TAP despite the fact that each purported incident arose out of the same underlying facts and transactions. *See* Pl.'s Opp. at 6. Specifically, Plaintiff erroneously argues that TAP's accord and satisfaction regarding one alleged wrong cannot be used to defend against liability for another. Pl.'s Opp. at 6. Notably, in so arguing, Plaintiff changes, yet again, fundamental details about where and how TAP's alleged wrongdoing occurred. For example, Plaintiff's Opposition now states that the alleged $2,360 overcharge occurred at Newark Airport (as alleged in his original Complaint), rather than Lisbon, Portugal (as alleged in his Amended Complaint). *Compare* Pl.'s Opp. at 6 *and* Notice of Removal (ECF No. 1) Ex. A ¶ 6 *with* Am. Compl. (ECF No. 10) ¶¶ 11-16. Regardless, the crux of Plaintiff's argument is belied by his own

1

correspondence with TAP, which did not distinguish between different incidents, but rather sought to settle the entire matter for the $653.02 paid by TAP. *See* DeMay Decl. (ECF No. 12) Ex. D at 1 ("let [sic] finish this onece [sic] an [sic] for all.").

Additionally, Plaintiff's argument that the Small Claims court did not have jurisdiction to grant him full recovery for his claims is inapposite. Plaintiff freely chose to bring his first lawsuit arising out of these same facts in Small Claims court. Where "'plaintiffs could have pursued all relief in a single action in the Supreme Court, but opted instead to pursue the claim in the Small Claims Part of the Civil Court,'" courts tend to "refuse[] to allow plaintiffs to escape the consequences of that decision." *Simmons v. Trans Express Inc.,* 355 F. Supp. 3d 165, 169 (E.D.N.Y. 2019) (quoting *Chapman v. Faustin*, 150 A.D.3d 647 (2017)). The jurisdictional limitations of the Small Claims Court should not afford Plaintiff additional recovery for already resolved claims arising out of the same underlying facts.

**II.     The Exhibits Submitted by TAP are Reviewable by this Court**

Plaintiff's argument that the vast majority of TAP's exhibits submitted in support of its Motion to Dismiss should be stricken are without merit. Documents extrinsic to a complaint are reviewable by the Court on a Rule 12(b)(6) motion where they are "(1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *Torres v. LaLota*, No. CV157097JMAAYS, 2017 WL 4457514, at *1 (E.D.N.Y. Aug. 14, 2017), *report and recommendation adopted*, No. 15CV7097JMAAYS, 2017 WL 4443578 (E.D.N.Y. Sept. 30, 2017). Plaintiff's pre-suit email correspondence with TAP is incorporated into his Complaint as Plaintiff directly referred to these communications in his Complaint. *See* Notice of Removal Ex. A ¶ 13 ("Then I was in contact thru [sic] email with [TAP] and many emails and again spend so many precious time to get the well deserved credit and they still refused to credit me.").

Further, Plaintiff corresponded with TAP and threatened to sue for additional claims if he did not receive the judgment funds by his self-imposed deadline. He then sued TAP for the claims threatened in his correspondence. Thus, his correspondence with TAP is integral to the Complaint as Plaintiff had notice and possession of the communications, and relied on their terms when drafting his Complaint. *See U2 Home Entm't, Inc. v. Kylin TV, Inc.,* No. 06-CV-02770 DLI RLM, 2007 WL 2028108, at *3 (E.D.N.Y. July 11, 2007) (considering the parties' pre-filing correspondence in context of motion to dismiss where plaintiff relied on correspondence in drafting the complaint.).

Finally, Plaintiff's arguments that the exhibits presented by TAP cannot be considered because they represent confidential settlement offers fail. These settlement discussions and the ultimate resolution of Plaintiff's claims are specifically in issue because Plaintiff filed this lawsuit after TAP believed it completed a settlement resolving all of Plaintiff's claims.

## CONCLUSION

Based on the foregoing, Defendant Transportes Aéreos Portugueses, S.A., respectfully requests that this Court grant its Rule 12(b)(6) Motion to Dismiss and enter an order dismissing Plaintiff's Amended Complaint with prejudice.

Date: September 17, 2020

Respectfully submitted,

By: /s/ Jonathan E. DeMay

Jonathan E. DeMay (JD 3604)
jdemay@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, Suite 1800
New York, NY 10036
Tel.: 212-490-9100
Fax.: 212-370-4453

                    *Counsel for Defendant*
                    Transportes Aéreos Portugueses, S.A.

On the brief: Constantine Petallides

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

Robin Todd, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides in Yonkers, New York. That on the 17th day of September 2020 deponent served true copies of the within **Supplemental Reply Memorandum of Law in Support of Defendant's Motion to Dismiss** upon:

>Mr. Yehuda Herskovic
>303 Marcy Avenue, Apt. 2A
>Brooklyn, NY 11211
>yhm1234@yahoo.com

via e-mail and by depositing same enclosed in a postpaid properly addressed envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Robin Todd*
ROBIN TODD

Sworn to before me this
17th day of September 2020

_____
Notary Public

ZOILA CEDENO
Notary Public, State of New York
No. 01CE5004983
Qualified in Queens County
Commission Expires March 6, 2023