UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x

YEHUDA HERSKOVIC,

         Plaintiff,

   -against-

TRANSPORTES AEREOS PORTUGUESES, S.A.,

         Defendant.

----------------------------------------------x

**ORDER**
20-CV-0177(EK)(PK)

ERIC KOMITEE, United States District Judge:

      Plaintiff Yehuda Herskovic, proceeding *pro se*, brings this action under the Montreal and Warsaw Conventions against defendant airline Transportes Aereos Portugueses, S.A. (TAP). Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the doctrine of "accord and satisfaction" requires dismissal because Plaintiff deposited a check from TAP which settled all his claims.

      In support of this argument, Defendant filed a "Declaration of Jonathan E. Demay," ECF No. 12, along with its motion to dismiss. The declaration attached six exhibits. These exhibits contain documents that were not referenced or otherwise incorporated in Plaintiff's amended complaint. They include correspondence between the parties (emails and letters)

1

dated August through October 2019, a copy of a check from TAP in the amount of $653.02, and copies of court documents from a state court proceeding between the parties.

These documents, on their face, support Defendant's argument that the doctrine of accord and satisfaction applies here. Because this doctrine, if it applies, would result in the dismissal of Plaintiff's claims, it is appropriate to resolve this issue now. To do so, the Court must consider the documents Defendant submitted. Accordingly, the Court hereby notifies the parties that it intends to convert Defendant's motion to one for summary judgment under Rule 56, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

This means the Court will consider the six documents Defendant attached as exhibits to the Declaration of Jonathan E. Demay. Plaintiff may submit briefing to argue that these documents do not establish that Plaintiff's acceptance of Defendant's check resulted in an "accord and satisfaction" that settled his claims, or any other documentation he believes raises an issue of fact on this question.

In addition to any arguments Plaintiff wishes to make, Plaintiff may also submit evidence that is relevant to the "accord and satisfaction" argument Defendant makes. This evidence may consist of emails, letters, or any other documents that relate to Defendant's "accord and satisfaction" defense.

2

In particular, Plaintiff should submit the "further communication and letters that Plaintiff and Defendant exchanged" that he claims "will substantiate that Plaintiff only accepted the $653 to satisfy the judgment in Small Claims Court" and not "as satisfaction for the claims related to bumping at Lisbon Airport." ECF No. 17.

The Court offers the following additional guidance to inform Plaintiff as to the type of evidence he should submit. This is by no means a complete list of the items that Plaintiff may submit. But he should, if he can, present:

- Any evidence showing TAP admitted that it owed Plaintiff the amount listed in the check ($653.02).
- Any evidence showing that Plaintiff told TAP, *after* receiving the check but *before* depositing it, that the check (or the amount listed in it) would not settle his claim.
- Any evidence or context regarding the letter Plaintiff sent TAP on October 23, 2019 and the phone calls described in the letter as taking place on September 24 or 25, 2019.

Plaintiff must file these materials — both his arguments and any evidence — by January 4, 2021. Defendant may file a reply brief, if it chooses, by January 11, 2021. Defendant is directed to send Plaintiff the notice required by

3

Rule 12.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

    SO ORDERED.

                                          /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    December 3, 2020
            Brooklyn, New York